NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAYMOND BONANNO, ANTHONY BONANNO, ROBERT PETER, RAJAN DESAI, NISHA DESAI AKA NISHA BHANSALI, ELISA WHITEHALL, DALJIT PARMAR, MANJIT PARMAR, IRVING BROTHMAN, BINITA PATEL and HEMLATTA PATEL, Individually and on behalf of others similarly situated, | : : : : : : : : : : | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-CV-01415 (DMC) |
| Plaintiffs, | : : | |
| v. | : : | |
| THE QUIZNOS MASTER LLC., THE QUIZNOS CORPORATION, THE QUIZNOS FRANCHISE COMPANY LLC, S&S COMPANY, QUIZNOS FRANCHISE REALTY COMPANY, QUIZNOS FRANCHISE LICENSING COMPANY, QFA ROYALTIES LLC, PETER AGROW, JAMES COZINE, MICHAEL GORDON, KEVIN BEDNOWSKI, and ROBERT TOBIAS, | : : : : : : : : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

        This matter comes before the Court upon motion by Defendants Quiznos Master LLC, The

Quiznos Corporation, The Quiznos Franchise Corporation, S&S Company, Quiznos Franchise

Realty Company, Quiznos Franchise Licensing Company, QFA Royalties LLC, Peter Agrow, James

Cozine, Michael Gordon, Kevin Bednowski, and Robert Tobias' (hereinafter "Defendants" or

"Quiznos") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  No oral argument was

heard pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, Defendants' motion to dismiss

is **denied**, and the case shall be transferred to the United States District Court for the District of Colorado.

## I.    FACTS

Plaintiffs are individuals who entered into franchise agreements with Quiznos. Each plaintiff invested $20,000 - $25,000 per Quiznos franchise. Pursuant to these agreements, Plaintiffs each purchased different Quiznos Franchise trade areas. Plaintiffs contend that they made these purchases and entered into the agreements based upon Defendants' oral and written representations that Plaintiffs would receive local support and "assistance with site selection." Plaintiffs further contend that Defendants represented that the New Jersey trade areas advertised for sale could house operational franchises within the 12-month time frame set forth in the franchise agreement. Plaintiffs claim that contrary to the representations made by Defendants, they have not been able to secure locations within their respective franchise trade areas for more than eighteen months, and in some cases, two years. Plaintiffs claim that they have suffered this injury because the trade areas sold by Defendants are not viable franchise locations and also because Quiznos failed to assist Plaintiffs or provide any local support.

Plaintiffs seek injunctive relief on the following grounds: (1) Quiznos violated the New Jersey Consumer Protection Act (NJCPA) (Count I); (2) Quiznos fraudulently induced Plaintiffs to sign their Franchise Agreements and invest in a franchise (Count II); Quiznos breached duties of good faith and fair dealing in not providing them a location suitable for a restaurant (Count III); Quiznos breached fiduciary duties (Count IV); Quiznos breached the franchise agreement "by failing to contact the Plaintiffs in order to advise and assist in obtaining and approving of a location" and by failing to act in good faith (Count V); Quiznos negligently misrepresented "the availability of real estate within trade areas" (Count VI); Quiznos was unjustly enriched by receiving payments from

"franchisees who never had the opportunity to open a Quiznos restaurant or receive any benefit from their investment" (Count VII); Quiznos violated the New Jersey Franchise Practices Act (Count VIII).

Defendants argue that Plaintiffs' action should be dismissed because Plaintiffs agreed not to pursue an action in this forum.  Rather, § 21.1 of the Franchise Agreement states that

> the parties agree that the exclusive venue for disputes between them shall be in the District Court for the City & County of Denver, Colorado, or the United States District Court for the District of Colorado, and each party waives any objection it might have to personal jurisdiction of or venue in such courts.

Pursuant to this forum selection clause, Defendants argue that the Court should dismiss Plaintiffs' Complaint in order to give effect to the parties' agreed choice of forum.

## II.   DISCUSSION

### A.   Choice of Law

Despite the presence of a choice of law clause in the Franchise Agreements, Plaintiffs contend that New Jersey, rather than Colorado, law applies to this action.  Specifically, Plaintiffs argue that New Jersey law applies because they are asserting public policy claims under New Jersey statutory law.  See Compl. Count One, citing N.J.S.A. 56:801, et seq.  Defendants contend that regardless of whether or not this Court applies New Jersey or Colorado law, the choice of forum provision should be enforced.  For purposes of this 12(b)(6) motion, this Court will take all inferences in favor of the Plaintiff and apply New Jersey law to the question of whether the choice of forum provision is enforceable.

### B.   Standard of Review for 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the

plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### C.   Transfer of Venue Pursuant to 28 U.S.C. § 1404(a)

District courts are vested with the authority to transfer a case to another venue "[f]or the convenience of parties and witnesses" or "in the interest of justice" pursuant to 28 U.S.C. § 1404(a). This Court may transfer venue sua sponte because the language of 28 U.S.C. § 1404(a) has been interpreted not to require any formal motion to be filed before a court can determine that a change of venue would be appropriate.  See Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995) (ordering a transfer of venue even although no motion to transfer was filed); Reynolds Publishers, Inc. v. Graphics Fin. Group, Ltd., 938 F. Supp. 256, 260 (D.N.J. 1996).

### D.   Enforcement of Forum Selection Provisions

While a valid forum selection clause does not oust a court of its jurisdiction, "a court should decline to adjudicate a matter governed by a mandatory forum selection clause that vests authority in a different jurisdiction."  See Int'l Bus. Software Solutions, Inc. v. Sail Labs Tech. AG, 440 F.

Supp. 2d 357, 362 (D.N.J. 2006).  Forum selection clauses are presumptively valid and enforceable. Id.  This presumption is rebutted only when the party opposing enforcement of the forum selection provision can "make a strong showing, either that the forum thus selected is so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court, or that the clause was procured through fraud or overreaching."  Id. (quoting Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1219 (3d Cir.) cert. denied, 502 U.S. 908 (1991).  Additionally, this Court may not enforce a forum selection clause that is unreasonable or a clause that violates a strong public policy of the forum.  See Cadapult Graphic Sys., Inc. v. Tektronix, Inc., 98 F. Supp.2d 560, 564-65 (D.N.J. 2000) (citing Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983), overruled on other grounds, Lauro Lines v. Chasser, 490 U.S. 495 (1989).

III.   ANALYSIS

   A.   Lack Of Inconvenience Of Litigating In Colorado

   Plaintiffs do not allege that litigating in Colorado would be unduly inconvenient; therefore, the only grounds upon which this Court may conclude that the forum selection clause is inapplicable is if the clause was procured by fraud, if enforcement would be contrary to the public policy of the forum or if the clause is unreasonable.

   B.   Forum Selection Clause Was Not Procured by Fraud

   In their Opposition Brief, Plaintiffs do not make an argument that the forum selection provision was procured by fraud or overreaching.  However, Plaintiffs' Complaint alleges that "Plaintiffs and others similarly situated were fraudulently induced into each and every provision of said franchise agreements."  (Comp. ¶117).  This Court will broadly consider Plaintiffs' allegations

when determining whether the forum selection clause was fraudulently procured.  Specifically, Plaintiffs' Complaint states that Plaintiffs had "no opportunity to negotiate the terms of the agreements" and that the agreements were offered on a "take-it-or-leave-it" basis.  (Comp. ¶ 34).

"[I]n a diversity case, federal law determines the effect given to a forum selection clause." Cadapult, 98 F. Supp.2d at 565 n. 3 (citing Jumara, 55 F.3d at 877).  To rebut the presumption that a forum selection clause is enforceable on the ground that it was fraudulently induced, the party opposing enforcement of the clause must show that "the inclusion of the forum selection clause in the contract was the product of deception and, or, coercion.  It is insufficient, therefore, 'to allege that one was induced generally to enter into the contract itself as a result of fraud.' " Hoffer v. InfoSpace.com, Inc., 102 F. Supp. 2d 556, 563-64 (D.N.J. 2000) (quoting Nat'l Micrographics Sys. v. Canon U.S.A., 825 F. Supp. 671, 675 (D.N.J. 1993).  Based on this standard, general allegations that the contract was induced by fraud are insufficient to rebut the presumption that a forum selection clause should be enforced.

Here, Plaintiffs' primary reasons for arguing that the forum selection clause should not be enforced are that it was not negotiated and there was unequal bargaining power between the parties. First, the fact "[t]hat there may not have been actual negotiations over [a forum selection] clause does not affect its validity." Park Inn Int'l., L.L.C. v. Mody Enter., Inc., 105 F. Supp.2d 370, 375 (D.N.J. 2000) (quoting Foster, 933 F.2d at 1219).  Furthermore, while unequal bargaining power can be grounds for not enforcing a forum selection clause, Hendry v. Hendry, 339 N.J. Super. 326, 334 (App. Div. 2001) the party opposing enforcement of the clause must still overcome the presumption in favor of enforcement by "demonstrating an overweening bargaining position."

Cadapult, 98 F. Supp. 2d at 567.  In this case, there is no indication that the parties' unequal bargaining positions resulted in a fraudulently induced the forum selection provision.  Further, the Complaint does not allege that the Plaintiffs were deceived or coerced into accepting this provision. Plaintiffs' general allegation that they were fraudulently induced to enter into each and every provision of the franchise agreement is not sufficient to rebut the presumption that the forum selection provision should be enforced.

### C.    The Forum Selection Clause Is Not Contrary New Jersey Public Policy

Contrary to Plaintiffs' contentions, New Jersey public policy is only persuasive authority on this issue because, as stated above, federal law governs the effect given to forum selection clauses in diversity cases.  See Cadapult, 98 F. Supp.2d at 565 n. 3.  Furthermore, "in a diversity case . . . the forum's public policy deserves substantial weight, it is not dispositive." Id.

Forum selection clauses in contracts subject to the New Jersey Franchises Practices Act (NJFPA) are presumptively invalid.  Kubis v. Perszyk Assocs. v. Sun Microsystems, Inc., 146 N.J. 176, 192-93 (1996). However, this is only a narrowly carved out exception to the general, widely accepted rule that forum selection clauses are presumptively enforceable.  "[O]utside of Franchise Practice Act cases, New Jersey courts routinely find forum selection clauses prima facie valid and enforceable." Park Inn Int'l., 105 F. Supp.2d at 373-74 (citing Caspi v. Microsoft Network, L.L.C., 323 N.J. Super. 118, 123 (App. Div.) certif. denied, 162 N.J. 199 (1999); Wilfred McDonald, Inc. v. Cushman, Inc., 256 N.J. Super. 58, 63 (App Div.) certif. denied, 130 N.J. 17 (1992); see also Cadapult, 98 F. Supp. 2d at 566.  Courts have rejected the argument that Kubis "modified the New Jersey law of forum selection clauses outside of the statutory context in which that case arose." Park

Inn Int'l., 105 F. Supp.2d at 374; see also Cadapult, 98 F. Supp. 2d at 566; Reynolds Publishers, 938 F. Supp. at 266 . Furthermore, "Kubis only applies where, unlike in the instant case, a plaintiff asserts a valid claim under the Franchise Act." Cadapult, 98 F. Supp. 2d at 565. "The New Jersey Supreme Court did not intend to extend Kubis's protection to non-Franchise Act cases." Id. at 566. Here, Plaintiffs have "withdraw[n] their claims under the New Jersey Franchise Practices Act (Count Eight) without prejudice." (Opp'n at 20 n. 13). Therefore, Plaintiffs must articulate some other public policy rationale that would compel this Court to disregard the forum selection clause.

Plaintiffs argue that the forum selection clause should not be enforced in light of New Jersey's significant interest in deciding local controversies. Specifically, Plaintiffs contend that "New Jersey has a strong public policy in favor of protecting franchisees located in New Jersey" and therefore the Court "has an interest in insuring that the New Jersey franchises are afforded their intended protection." Opp'n at 9. It is true that New Jersey has expressed a strong public policy in favor of protecting New Jersey franchisees and, in fact, this concern prompted the legislature to enact the New Jersey Franchise Practice Act. See Gen. Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 319 (3d Cir. 2001) (noting that the New Jersey legislature addressed any inherent inequities by enacting the NJFPA.) "[T]he Franchise Act addressed the concerns relating to both unequal bargaining power and the unavailability of prompt judicial relief" that were plaguing New Jersey franchisees. Kubis, 146 N.J. at 184. And while the New Jersey Supreme Court expressed in Kubis a strong interest in having NJFPA claims adjudicated in New Jersey, in this case, Plaintiffs have withdrawn their claims under the NJFPA. Plaintiffs' contention that enactment of the NJFPA evidences a broad New Jersey public policy, requiring this Court to disregard the forum selection

8

clause is in conflict with case law from this district.  "Kubis merely created an exception to New Jersey's general public policy of upholding the validity of [forum selection] clauses."  Cadapult, 98 F. Supp. 2d at 566.  Other than stating that New Jersey has expressed concern with the protection of New Jersey franchisees through the enactment of the NJFPA, Plaintiffs have not identified any public policy rationale that sufficiently rebuts the presumption that the forum selection clause should be enforced.

### D.   The Forum Selection Clause Is Not Unreasonable or Unconscionable

Finally, this Court may disregard the forum selection clause if it finds that it is unreasonable.  In this case, Plaintiffs contend that the contract is unconscionable and thus the forum selection clause is unreasonable.  For Plaintiffs to prevail on this ground and void the forum selection clause, this Court must find that the Franchise Agreement is both procedurally and substantively unconscionable.  Delta Funding Corp. v. Harris, 2006 WL 2277984 at *4 (N.J. Aug. 9, 2006); Sitogum Holdings, Inc. v. Ropes, 352 N.J. Super. 555, 565 (Ch. Div. 2002).

Plaintiffs contend that the contract is an adhesion contract because it was presented on a "take-it-or-leave-it" basis and it is therefore procedurally unconscionable.  However, Plaintiffs fail to cite any cases that directly support this broad proposition.[1]  Following Plaintiffs' shaky reasoning, if all franchise agreements were contracts of adhesion and procedurally unconscionable then they would rarely be enforceable.  Contrary to Plaintiffs' contentions, the fact that the agreement was

---

[1]Plaintiffs cite Rudbart v. North Jersey District Water Supply Commission, 127 N.J. 344 (1992) to support this point.  This Court's review of that case reveals that it does not address whether franchise agreements are adhesion contracts; rather, it addressed whether provisions in securities allowing for notice by publication were enforceable.

presented on a "take-it-or-leave-it" basis does not make it per se unconscionable or unenforceable, even if the parties to the agreement are unequal in bargaining power. Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 265 (3d Cir. 2003). Rather, "courts have looked not only to the take-it-or-leave-it-nature or the standardized form of the document but also to the subject matter of the contract, the parties' relative bargaining positions, the degree of economic compulsion motivating the 'adhering' party, and the public interests affected by the contract." Rudbart v. N. Jersey Dist. Water Supply Comm'n, 127 N.J. 344, 356 (1992). Even if Plaintiffs' allegations that the Franchise Agreement was presented on a "take-it-or-leave-it" basis and that the parties' were of unequal bargaining power are accepted as true, these are not sufficient grounds for this Court to find that the formation of the agreement was procedurally unconscionable.

Plaintiffs argue that certain clauses in the Franchise Agreement, including the choice of forum provision, are substantively unconscionable because they are "so one-sided as to shock the court's conscience." Sitogum Holdings., 352 N.J. Super. at 565. Here, the choice of forum provision is not one-sided: it applies to litigation initiated by either the franchisor or franchisee. Additionally, courts routinely enforce similar choice of forum provisions, rarely finding them conscience-shocking. For these reasons, this Court does not find that the choice of forum provision is substantively unconscionable. The choice of forum provision will be enforced because it is not unreasonable.

## IV. CONCLUSION

For the reasons stated above, it is the decision of this Court that Defendants' motion is denied, and the case shall be transferred to the United States District Court for the District of

Colorado.  An appropriate Order accompanies this Opinion.


 S/   Dennis M.Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.


Date:        November  17  , 2006
Orig.:       Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File

11